A. John Pate (Utah Bar No. 6303)
jpate@patebaird.com
Gordon K. Hill (Utah Bar No. 9361)
ghill@patebaird.com
PATE BAIRD, PLLC
36 West Fireclay Avenue
Salt Lake City, Utah 84107

*Attorneys for Plaintiff*
*ESIP Series 1, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ESIP SERIES 1, LLC, a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>UNITREX, LTD., an Ohio Limited Liability Company, and DOE COMPANIES 1-10,<br><br>    Defendants. | Case No. 2:15-CV-0807-TC<br><br>**COMPLAINT**<br><br><br>Judge Tena Campbell |

Plaintiff, ESIP Series 1, LLC (hereinafter "ESIP"), hereby files this Complaint against Defendants, Unitrex, Inc. (hereinafter "Unitrex"), and Doe Companies 1-10 (hereinafter "Doe Companies") (hereinafter collectively "Defendants") and alleges as follows:

**THE PARTIES**

1. ESIP is a limited liability company duly organized and existing under the laws of the State of Utah and has a principal place of business located at 14008 West Highway 56, Cedar City, Utah 84720.

1

2. Upon information and belief, Unitrex, Ltd. is a limited liability company duly organized and existing under the laws of the State of Ohio and has a principal place of business located at 4588 Renaissance Parkway, Cleveland, Ohio 44128.

3. Upon information and belief, Doe Companies are business entities that are making, using, selling, or offering to sell the Accused Diffuser (described *infra*) in the United States, including without limitation, business entities that obtain the Accused Diffuser directly or indirectly from Unitrex.  Doe Companies may be identified during discovery and the Complaint may be appropriately amended to include such Doe Companies.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, including but not limited to 35 U.S.C. §271, *et seq*.

5. This is also a civil action for unfair competition pursuant to the laws of the State of Utah, including but not limited to Utah Code Ann. §13-5a-101, *et seq*.

6. This court has subject matter jurisdiction over ESIP's patent infringement and unfair competition claims pursuant to 28 U.S.C. §§1331, 1338(a), and 1367.

7. Upon information and belief, this court has personal jurisdiction over Unitrex pursuant to, at least, Utah Code Ann. §§78B-3-201 and 78B-3-205(1).  Upon information and belief, Unitrex is subject to general jurisdiction in this judicial district because Unitrex has an ongoing and continuous business relationship with Diffuser World, Inc. and other Utah companies.  Upon information and belief, Unitrex has sufficient minimum contacts with Utah to support specific jurisdiction based at least in part because Unitrex has transacted business in the State of Utah, including but not limited to, selling, offering to sell, or distributing the Accused Diffuser product accused of patent infringement in this district.

8. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§1391(b)(2), 1391(b)(3), 1391(c) and 1400(b).

## FACTUAL BACKGROUND

9. ESIP is a leader in the field of atomizers, especially as related to atomizers or diffusers (or atomizing diffusers) for use with essential oils and aroma therapy.

10. ESIP manufacturers, markets, and sells atomizing diffusers for use with essential oils and aroma therapy through its authorized licensees: ES Innovations, Inc. (hereinafter "ES Innovations") manufactures atomizing diffusers; and Diffuser World, Inc. (hereinafter "Diffuser World") markets and sells atomizing diffusers.

11. ESIP achieved its position as a market leader based in part on its determination to innovate and its substantial investment in research and development of quality products manufactured in the United States.

12. Many of ESIP's technological innovations are protected, *inter alia*, by a portfolio of patents, trademarks, and copyrights.

13. ESIP is the owner of United States Patent No. 7,878,418 for INTEGRATED, ESSENTIAL-OIL ATOMIZER issued to Early [sic] Vaughn Sevy on February 1, 2011 (hereinafter "`418 Patent"). A copy of the `418 Patent is attached hereto as Exhibit A.

14. In general, the `418 Patent covers atomizers or diffusers.

15. ESIP's atomizing diffuser product sold by Diffuser World, AROMA-ACE™, is marked with the `418 Patent.

16. Upon information and belief, Unitrex makes, uses, sells, offers to sell, and/or imports into the United States an atomizer that Unitrex describes as the "Purilizer™" Nebulizing Diffuser (hereinafter "Accused Diffuser").

17. Upon information and belief, Unitrex distributes the Accused Diffuser using the Sparoom® trade name.

18. Upon information and belief, a copy of an Amazon webpage showing Unitrex offering to sell the Accused Diffuser is attached hereto as Exhibit B.

19. Upon information and belief, Unitrex was aware of Diffuser World's AROMA-ACE™ product, and also aware of the `418 Patent, at least prior to the filing of the original Complaint in this case.

20. Upon information and belief, Unitrex had actual notice of the `418 Patent prior to the filing of the original Complaint in this case.

21. Upon information and belief, Unitrex distributes the Accused Diffuser to multiple companies in the United States.

22. Upon information and belief, Unitrex owns the website using the URL www.sparoom.com.

23. Upon information and belief, the Accused Diffuser as made, sold or offered for sale by Unitrex infringes at least one claim in the `418 Patent, including but not limited to, by direct infringement, by contributory infringement, and/or by induced infringement.

## FIRST CAUSE OF ACTION
### (Patent Infringement – The `418 Patent)

24. The allegations of Paragraphs 1 - 23 are incorporated herein by reference as if fully set forth herein.

25. Upon information and belief, Unitrex is making, using, selling, offering to sell, or importing into the United States the Accused Diffuser.

26. Upon information and belief, the Accused Diffuser infringes at least one claim in the `418 Patent, including without limitation claims 1 and 14 of the `418 Patent.

27. Upon information and belief, Unitrex's actions give rise to a cause of action for patent infringement pursuant to at least 35 U.S.C. §§ 271 and 281, whether by direct infringement, contributory infringement, or inducement to infringe.

28. Upon information and belief, Unitrex's actions have been both willful and deliberate.

29. Upon information and belief, ESIP has suffered irreparable harm and actual damages, including loss of sales and profits that would have been made except for the infringement.

30. Upon information and belief, ESIP has suffered irreparable harm and cannot be compensated by monetary damages alone.  Accordingly, ESIP is entitled to preliminary and permanent injunctive relief enjoining Unitrex from importing, making, using, selling, or offering to sell in the United States any atomizer or diffuser product that infringes any claim of the `418 Patent.

31. By reason of the foregoing, ESIP is entitled to injunctive and monetary relief against Unitrex pursuant to at least 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (Unfair Competition)

32. The allegations of Paragraphs 1-31 are incorporated herein by reference as if fully set forth herein.

33. Upon information and belief, Unitrex has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of ESIP's `418 Patent in violation of, *inter alia*, Utah Code Ann. §§ 13-5a-102(4) and 103(1).

34. Upon information and belief, Unitrex is engaging in conduct that gives rise to a cause of action for unfair competition and related wrongs under the statutory and common laws of

the State of Utah and other states, including at least the Utah Code Ann. §§ 13-5a-101, *et seq*.

35. Upon information and belief, ESIP has suffered actual damages and irreparable harm.

36. By reason of the foregoing, ESIP is entitled to actual and punitive damages from Unitrex, including attorneys' fees, expenses and costs, pursuant to at least Utah Code Ann. §§ 13-5a-103(1)(b).

## PRAYER FOR RELIEF

Wherefore, ESIP prays that:

A. The claims of the `418 Patent be adjudged and declared valid and enforceable;

B. Unitrex be adjudged and declared to have infringed at least one claim of the `418 Patent, whether by direct infringement, contributory infringement, and/or inducement to infringe;

C. Unitrex be adjudged and declared to have committed unfair competition;

D. Unitrex and its agents, sales representatives, distributors, employees, members, attorneys, affiliates, subsidiaries, successors, and assigns, and any and all persons acting with, through, under or in active concert or participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing any patent claims in the `418 Patent;

E. Judgment be entered that Unitrex be required to provide an accounting and pay over to ESIP all damages sustained by ESIP due to such patent infringement and that such damages be trebled pursuant to 35 U.S.C. §284 for the willful acts of infringement alleged herein;

F. This case be adjudged and declared exceptional pursuant to 35 U.S.C. §285 and ESIP be awarded its costs and reasonable attorneys' fees in bringing this action;

G. Unitrex be required to file with the Court within thirty (30) days after entry of final judgment of this case a written statement under oath setting forth the manner in which Unitrex has complied with the final judgment;

H. ESIP be awarded its costs and prejudgment interests on all damages awarded;

I. ESIP be awarded its reasonable attorneys' fees; and

J. ESIP be awarded such further and other relief as the court deems just and proper.

ESIP demands trial by jury on all claims and issues so triable.

DATED: November 17, 2015.

  /s/ Gordon K. Hill
Gordon K. Hill
A. John Pate
PATE BAIRD

Attorneys for Plaintiff
ESIP Series 1, LLC